## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL DUPAGE HOSPITAL ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., and DOES 1 THROUGH 25, INCLUSIVE <br><br> Defendants. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"), removes the above-captioned matter from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. Pursuant to 28 U.S.C. § 1441(b), removal is warranted because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and complete diversity of citizenship exists among all parties to this action. DuPage County, Illinois is the county of origin for purposes of removal under 28 U.S.C. § 1441(a).

## BACKGROUND

1.     Plaintiff Central DuPage Hospital Association ("CDH") filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois on February 2, 2022, captioned *CENTRAL DUPAGE HOSPITAL ASSOCIATION v. BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., and DOES 1 THROUGH 25, INCLUSIVE*, Case No. 2022LA00117 (the "State Court Action"). *See* Summons and Complaint, attached hereto as **Exhibit A**.

2.      No other pleadings have been filed in the State Court Action.

3.      CDH served the Summons and Complaint for the State Court Action on BCBSMA on February 4, 2022. *See* Affidavit of Service, attached hereto as **Exhibit B**.

4.      CDH alleges it provided medical services to BCBSMA's members listed in Exhibit A to the Complaint, Ex. A, ¶ 11, and that BCBSMA has not fully reimbursed CDH for the healthcare claims related to these medical services. *Id*., ¶ 17.

5.      CDH asserts two causes of action against BCBSMA for (1) breach of an implied-in-fact contract; and, in the alternative, (2) *quantum meruit* seeking to recover additional reimbursement allegedly owed for the healthcare claims at issue. *Id*., ¶¶ 20-55.

6.      BCBSMA bases this removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## TIMELY REMOVAL

7.      This Notice of Removal is timely because it is being filed within 30 days of BCBSMA's receipt of the Summons and Complaint on February 4, 2022. *See* U.S.C. § 1446(b)(1).

## PROPER VENUE

8.      Venue is proper because this Court is the United States District Court for the district and division embracing the place where the State Court Action is pending. *See* U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

9.      Pursuant to 28 U.S.C. § 1332, the District Courts of the United States have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10.     The amount in controversy in this action exceeds the sum or value of $75,000. *See* Ex. A, ¶¶ 33, 55 (seeking damages in the amount of $334,121.94, exclusive of interest).

11.     CDH is a corporation "organized and existing pursuant to the laws of the State of Illinois." *See id*., ¶ 3. CDH's principal place of business is in the City of Winfield, County of DuPage, Illinois. *Id*. CDH is therefore a citizen of Illinois for diversity purposes. *See* to 28 U.S.C. § 1332(c)(1).

12.     BCBSMA is incorporated in Massachusetts and also has its principal place of business in Massachusetts. Ex. A, ¶ 4. Therefore, BCBSMA is a citizen of Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (citizenship of a corporation for diversity jurisdiction purposes is state where incorporated and state where "nerve center" is located).

13.     The "Does" named as additional defendants do not destroy diversity. *Howell by Goerdt v. Tribune Entm't Co*., 106 F.3d 215, 218 (7th Cir. 1997) (". . . 'John Does' are merely nominal parties, irrelevant to diversity jurisdiction"). Under Seventh Circuit law, naming "Does" as placeholder defendants without naming their citizenship does not defeat a defendant's right to remove a case on the basis of diversity jurisdiction. *Id*.

14.     Because CDH is a citizen of Illinois, none of the defendants are Illinois citizens, and CDH seeks over $75,000 in damages, complete diversity exists between the parties and this Court may exercise diversity jurisdiction over this case. 28 U.S.C. § 1332(a)(1).

15.     BCBSMA has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

    a)     All process, pleadings, and orders served on BCBSMA to date in the State Court Action are attached as **<u>Exhibit A</u>**. *See id.* § 1446(a).

    b)     A true and correct copy of the DuPage County Circuit Court Case Summary for the State Court Action is attached as **<u>Exhibit C</u>**. *See id.* § 1446(a).

c) BCBSMA will provide this Notice of Removal to CDH through its counsel of record, David F. Mastan and Marcus R. Morrow, The Law Offices of Stephenson, Acquisto & Colman, Inc., 20 N. Clark St., Suite 3300, Chicago, IL 60602, and will file the Notice of Removal in the 18th Judicial Circuit Court of DuPage County, Illinois, before which the State Court Action was pending. *See id.* § 1446(d).

16. BCBSMA is filing a Civil Cover Sheet and Notification as to Affiliates pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3.2 with this Notice of Removal.

## **CONCLUSION**

**WHEREFORE**, BCBSMA hereby gives notice that this action is removed from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division and requests this Court exercise jurisdiction over this action and grant any relief it deems just and proper.

Dated: March 7, 2022

Respectfully submitted,

*/s/ Meredith Shippee*

Bryan Webster
Illinois State Bar No. 6280014
Meredith Shippee
Illinois State Bar No. 6306992
Ama G. Gyimah
Illinois State Bar No. 6329753

Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
bwebster@reedsmith.com
mshippee@reedsmith.com
agyimah@reedsmith.com
Firm ID: 44486

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Meredith Shippee, hereby certify that on March 7, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the ECF System, which will send notice to all counsel of record in this lawsuit. I hereby further certify that I served the foregoing via email on the following counsel of record:

David F. Mastan, Esq.
Marcus R. Morrow, Esq.
Law Offices of Stephenson, Acquisto
& Coleman, Inc.
20 N. Clark St., Suite 3300
Chicago, IL 60602
dmastan@sacfirm.com
mmorrow@sacfirm.com

*/s/ Meredith Shippee*

Meredith Shippee