IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL DUPAGE HOSPITAL ASSOCIATION, | |
| Plaintiff, | Case No. 22-cv-01194 |
| v. | Judge Mary M. Rowland |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and DOES 1-25, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Central DuPage Hospital Association ("CDH") brings this action against Blue Cross Blue Shield of Massachusetts ("BCBSMA") alleging that BCBSMA breached an implied contract to pay for healthcare services that CDH provided to BCBSMA's insureds. In the alternative, CDH alleges that it is entitled to the value of those services under a *quantum meruit* theory. BCBSMA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). [20]. For the reasons stated herein, BCBSMA's motion to dismiss is denied.

**I. Background**

The following factual allegations taken from the operative complaint [1-1] ("Compl.") are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Central DuPage Hospital Association is a not-for-profit corporation that provides medical care in Illinois. Compl. ¶ 3. Blue Cross Blue Shield of Massachusetts is an

1

insurance company incorporated and principally located within Massachusetts. *Id.* ¶ 4. From August 2018 through August 2020, CDH provided medically necessary treatment to patients who all identified themselves as a beneficiary of a healthcare plan sponsored, administered, and/or funded by BCBSMA by presenting their insurance cards. *Id.* ¶¶ 11–12, 25(a), 40(a). Before providing treatment, CDH contacted BCBSMA for authorization, and BCBSMA approved the rendering of services to the patients. *Id.* ¶ 13. Specifically, BCBSMA sent CDH an authorization to render medical care for each patient, informed CDH of the patients' medical eligibility benefits, sent written approval, and requested that CDH provide BCBSMA with clinical information and medical records. *Id.* ¶¶ 25(c)–(f), 40(c)–(f). However, no express written contract existed between BCBSMA and CDH. *Id.* ¶ 21. The Complaint alleges that following treatment, CDH submitted billing statements to BCBSMA that totaled $832,967.97 based on the usual and customary charges for the services rendered, but BCBSMA only paid $498,846.03. *Id.* ¶¶ 15, 29.[1] From approximately 2017 to 2022, CDH submitted numerous claims to BCBSMA in a near-identical matter as those at issue here that BCBSMA satisfactorily paid. *Id.* ¶¶ 26, 41.

II. **Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy*

---

[1] The parties agree that three of the four claims billed are no longer at issue; there is only one remaining benefit claim in dispute. [45] at 2–3.

*Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

BCBSMA moves to dismiss both counts in the complaint for failure to state a claim under Rule 12(b)(6). [20]. The Court addresses each count in turn.

3

### A. Implied-In-Fact Contract

In Count I, CDH alleges that BCBSMA breached an implied-in-fact contract after CDH provided medically necessary care and BCBSMA failed to pay the usual and customary rate. Under Illinois law,[2] an implied-in-fact contract is one in which a court imposes a contractual duty based on a promissory expression inferred from the facts and circumstances. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 883 (7th Cir. 2022). "A contract implied in fact must contain all elements of an express contract … supplied by implication from the parties' conduct or actions." *BMO Harris Bank, N.A. v. Porter*, 106 N.E.3d 411, 421 (Ill. App. Ct. 2018). Therefore, an implied-in-fact contract must contain an offer, acceptance, and consideration, as well as a meeting of the minds. *Trapani Const. Co. v. Elliot Grp., Inc.*, 64 N.E.3d 132, 143 (Ill. App. Ct. 2016). "In other words, contracts based on promises implied in fact arise on circumstances being proved which, according to the ordinary course of dealing and the common understanding of persons, are in law regarded as sufficient for a mutual intent to contract." 12 Ill. Law and Prac. Contracts § 10 (citing *Hurt v. Pershing Mobile Home Sales, Inc.*, 404 N.E.2d 842, 844 (Ill. App. Ct. 1980); *First Nat. Bank of Lincolnwood v. Glenn*, 270 N.E.2d 493, 495 (Ill. App. Ct. 1971)).

BCBSMA first argues that CDH fails to state a claim for breach of an implied-in-fact contract because it failed to sufficiently allege a meeting of the minds. [20] at 5–8. Whether there is a meeting of the minds is determined based on objective conduct,

---

[2] This Court applies Illinois law because the parties raise no choice of law conflict. *See Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (explaining that under Illinois choice of law rules, courts apply forum law unless a party demonstrates an actual conflict with another state's law or the parties agree that another state's law applies).

4

not subjective beliefs. *Trapani Const. Co.*, 64 N.E.3d at 143. Here, the Court finds that CDH alleges facts sufficient to infer that the parties had a meeting of the minds. CDH specifically alleges the following objective conduct: BCBSMA issued authorization numbers, communicated the medical eligibility benefits of the patients, sent written approval to CDH, requested records of the treatment, and partially paid an invoice sent by CDH. Compl. ¶¶ 25, 29. CDH further alleges that the parties had a prior course of dealing which includes "a number of claims" being paid in full by BCBSMA through the same process CDH followed in this instance. *Id.* ¶ 26.

CDH relies on *Nw. Mem'l Healthcare v. Anthem Ins. Companies, Inc.*, No. 21 C 6306, 2022 WL 1620025 (N.D. Ill. May 23, 2022). There, the court noted that "coverage verification and treatment preauthorization … standing alone do not establish that [defendant] agreed to pay" but still found that a meeting of minds was plausibly alleged where the parties had a prior course of dealing. *Id.* at *2–3. Here, CDH alleges a prior course of dealing from 2017. BCBSMA counters that the court in *Anthem* relied on arguments at a motion hearing regarding what proportion of claims were satisfied in the past. However, here the Court does not find that defeats CDH's claim at this pleading stage. Indeed the Complaint plausibly pleads facts constituting a course of dealing and meeting of the minds. *See Nw. Mem'l Healthcare v. Aetna Better Health of Illinois, Inc.*, No. 1:21-CV-02054, 2023 WL 2745549 at *9 (N.D. Ill. Mar. 31, 2023) (holding that meeting of the minds between healthcare provider and insurer was plausibly alleged).

5

Next, BCBSMA argues that CDH has not plausibly alleged the element of consideration. "Consideration consists of some detriment to the offeror, some benefit to the offeree, or some bargained-for exchange between them." *Doyle v. Holy Cross Hosp.*, 708 N.E.2d 1140, 1145 (Ill. 1999). CDH responds that it adequately pled consideration by, among other things, alleging that the underpayment was consideration in the form of a detriment. [47] at 9. BCBSMA argues this is insufficient because it is premised on a reimbursement rate set by CDH that was unknown to BCBSMA. [48] at 7. The Court disagrees. As discussed, CDH alleges that it had a prior course of dealing with BCBSMA where "a number of claims" over the past five years were paid in full by BCBSMA through the same process alleged here. Compl. ¶ 26. CDH further alleges that BCBSMA failed to make the full payment, which resulted in an underpayment or detriment. *Id.* ¶ 29. At this stage, the Court finds that these allegations sufficiently allege consideration.

In short, the complaint, read as a whole, sufficiently alleges breach of an implied-in-fact contract. *See* Fed. R. Civ. P. 8(a); *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (reading complaint as a whole on a motion to dismiss). BCBSMA can raise its arguments for dismissal again at a later stage of litigation after further factual development. *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

### B. *Quantum Meruit*

In Count II, CDH brings a *quantum meruit* claim in the alternative to its implied-in-fact-contract claim. To state a claim for *quantum meruit*, the plaintiff must allege "(1) that [it] performed a service to benefit the defendant; (2) [it] performed the service

6

non-gratuitously; (3) the defendant accepted [its] service[s]; and (4) no contract existed to prescribe payment for this service." *Mercatante v. City of Chicago*, 657 F.3d 433, 443 (7th Cir. 2011) (citing *Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C.*, 931 N.E.2d 810, 825 (Ill. App. 2010)).

BCBSMA argues that CDH failed to state a claim of *quantum meruit* because medical services from CDH rendered to patients cannot count as a benefit to BCBSMA. [20] at 9–11. The court in *Northwestern Memorial Healthcare v. Anthem Insurance Companies* observed that "this argument presents the difficult question whether Illinois law holds that medical services rendered to an insurer's insured benefits the insurer as well as the insured, or just the insured." 2022 WL 1620025, at *3 (N.D. Ill. May 23, 2022) (citing *Marque Medicos Farnsworth, LLC v. Liberty Mut. Ins. Co.*, 117 N.E.3d 1155, 1161 (Ill. App. 2018); *Michael Reese Hosp. & Med. Ctr. v. Chi. HMO, Ltd.*, 554 N.E.2d 472, 475 (Ill. App. 1990)). The court determined that "there is no need to run to ground [plaintiff's] *quantum meruit* argument at this stage" because discovery on that theory would not be broader than discovery on the implied-in-fact contract claim. *Id.*; *see also* Fed. R. Civ. P. 8(d) (allowing for alternative pleading).

The Court agrees with the reasoning in *Anthem*. The *quantum meruit* theory arises from the same set of facts involving the underpayment for claims. *Compare* Compl. ¶¶ 20–33 (implied-in-fact contract claim), *with id.* ¶¶ 34–55 (*quantum meruit* claim). Thus, the Court does not need to parse this alternative theory at this juncture,

7

and BCBSMA may renew its arguments at a later stage in the litigation. The motion to dismiss Count II is denied.

### IV. Conclusion

For the stated reasons, BCBSMA's motion to dismiss [20] is denied. In the status report [45], CDH requested leave to amend because the complaint contains allegations relating to four benefit claims, but CDH concedes that only one benefit claim is at issue. The Court grants CDH leave to file an amended complaint by October 30, 2023 solely to correct the number of claims and amount of underpayment. In person status hearing set for November 3, 2023 at 9:30 A.M.

E N T E R:

Dated: October 24, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge